FILED
SUPERIOR COURT
OF GUAM

2021 AUG 10 AM 11: 35

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

**PEOPLE OF GUAM**

**TRAFFIC CASE NO.: 1C00838323**

vs.

**DECISION AND ORDER**

Re: Defendant's Motion to Dismiss

**JOHN E. SKINNER, JR.,**

Defendant.

### INTRODUCTION

This matter came before the Honorable Judge Benjamin C. Sison, Jr., on April 6, 2021, upon Defendant Skinner's Motion to Dismiss. The People of Guam are represented by Assistant Attorney General Steven J. Haderlie. The Defendant, John E. Skinner ("Skinner"), is represented by the law offices of Cunliffe & Cook, PC. After reviewing the moving papers and oral arguments of both parties, the Court **DENIES** the Defendant's Motion to Dismiss.

### BACKGROUND

On February 16, 2021, Skinner was traveling in his vehicle towards the Naval Station on Marine Corp Drive, at an allegedly high rate of speed. See Def.'s Mot. to Dismiss (Apr. 6, 2021). Officers Benny M. Quinata and Riko S. N. Crisostomo, of the Guam Port Authority Police, allegedly spotted Skinner pass them in the outer lane at a high rate of speed. See Opp'n to Mot. to Dismiss (May 28, 2021). Officer Quinata allegedly increased his speed to match Skinner's and "saw that his speedometer read 60

1C00838323, People of Guam v. John E. Skinner.
Decision and Order (Re: Defendant's Motion to Dismiss).

Page 1 of 8

mph." *Id.* at 1-2. Officer Quinata then allegedly witnessed "Defendant's pickup drive onto the shoulder lane and return to the road and keep driving." *Id.* at 2. Officer Quinata transitioned to behind Skinner and activated his lights to conduct a traffic stop. *Id.* However, "Defendant didn't stop but continued driving about one mile until he reached the navy base entry gate." *Id.* Once inside the Navy base, Skinner pulled over, and Officer Quinata issued him a citation for speeding. *Id.*

On April 6, 2021, Skinner filed the instant Motion to Dismiss arguing that the Port Authority Police lacked jurisdiction to effectuate a traffic stop and issue a citation. See generally Def.'s Mot. to Dismiss (Apr. 6, 2021). A hearing on the matter was heard on May 7, 2021, during which the Court ordered the Attorney General to provide an opposition brief. See Min. Entry (May 7, 2021). The People filed their opposition on May 28, 2021. See Opp'n to Mot. to Dismiss (May 28, 2021). Skinner filed his Reply on June 4, 2021. See Def.'s Reply (June 4, 2021). The Court took this matter under advisement on May 7, 2021.

## DISCUSSION

The Port Authority Police were created by statute in 1990 and their statutory responsibilities include "the protection of persons and property at the Port Authority of Guam and all related facilities, and which shall coordinate its activities with the Guam Police Department, which shall have concurrent jurisdiction therewith." 12 GCA § 10111.1(a)(1). Further, the Port Authority Police "while on Port grounds and acting within their official capacity shall have the powers of peace officers, including, but not limited to, the authority to arrest and enforce the Port Rules and Regulations, applicable federal security programs, and the Vehicle Code of Guam." 12 GCA § 10111.1(b). "Port facilities means channels, waterways, basins, seawalls, docks, piers, land areas, utilities, warehouses, cargo handling machinery and equipment, tugboats, barges, fire boats and other works, properties, structures or other facilities necessary for the development or operation of the Port of Guam and recreational boating facilities of Guam." 12 GCA § 10101(c).

Thus, the People argue that Marine Corp Drive is a facility necessary for the development and operation of the Port of Guam, and therefore, the Port Authority Police have jurisdiction there. Further, the Port Police's ability to enforce the Vehicle Code of Guam is specifically enumerated within the statutory scheme, and thus, the traffic stop and

citation against Defendant in the present matter is valid. The Court agrees that looking at the plain language of the statute that the Port Authority Police exist for "the protection of persons . . . at the Port Authority and all related facilities. . . ." 12 GCA § 10111.1(a)(1). While related facilities include ". . . land areas . . . works, properties, or structures or other facilities necessary for the development or operation of the Port of Guam. . . ." 12 GCA § 10101(c). Marine Corp Drive reasonably could be considered a land area, public work, structure, or another facility which is necessary for the Port to operate, including providing transportation for goods entering the Port and their disbursement across the island. The boundaries of this definition are unclear, but presumably would only extend to areas surrounding the Port.

However, paradoxically, the statutes also support the opposite conclusion. The Port Authority's Board, which controls the Port Authority Police, has "jurisdiction over all government of Guam lands within the boundaries of Cabras Island and Drydock Island and seaward therefrom to the limits of the Glass Breakwater and all areas designated as small boat basins or recreational boating facilities . . . ." 12 GCA § 10104(f). Further, the Guam Vehicle Code defines a Police Officer, for the purposes of "Eluding a Police Officer" as including "other peace officer as defined by 8 GCA § 5.55, while such other peace officer is acting within his statutory law enforcement authority or is performing official duty within the *boundaries of property under the jurisdiction and control of the government agency by whom he is employed*, or while such other police officer is in authorized hot pursuit of a driver the officer reasonable believes has committed a crime within such boundaries." 16 GCA § 3301.2(d) (emphasis added). A peace officer includes "[t]he Chief and all of the Jose D. Leon Guerrero Guam Port Authority Police Officers . . . ." 8 GCA § 5.55. Finally, "[a] peace office while acting within his statutory law enforcement authority outside of his jurisdiction shall yield and be subordinated to a peace officer of the Guam Police Department who subsequently responds having such jurisdiction . . . ." 8 GCA § 5.56.

Thus, Defendant argues that the Port Authority only has jurisdiction and control over a small area between Cabras and Drydock Islands that does not include Marine Corp Drive, and the Guam Vehicle Code can only be enforced by peace officers within the boundaries under which the government agency has control. Therefore, according to the

Defendant, the Port Authority Police lacked jurisdiction to execute the traffic stop and issue a citation in the present case, and this matter must be dismissed.

## I.     The Statutory Scheme is Ambiguous

The Court must first look to the cardinal rule of statutory construction, "the language of the statute itself." *Sumitomo Const., Co., Ltd. v. Government of Guam*, 2001 Guam 23 ¶ 17. The People spend a majority of their brief arguing that the Port Authority Police have jurisdiction over Marine Corp Drive, but the Vehicle Code defines Police Officers, in the context of eluding the police, as Peace Officers acting within their statutory authority or within "the boundaries of the property under the jurisdiction *and control* of the government agency by whom he is employed. . . ." 16 GCA § 3301.2(d). Control is not defined within the statutory scheme and thus, the Court must "construe the word pursuant to its ordinary meaning. To determine ordinary meaning, we consider dictionary definitions." *United States v. Cox,* 963 F.3d 915, 920 (9th Cir. 2020). Black's Law Dictionary defines "control" as "1. To exercise power or influence over. 2. To regulate or govern. 3. To have a controlling interest in." CONTROL, Black's Law Dictionary (11th ed. 2019).

It appears to the Court that while the Port Authority does not have control of Marine Corp Drive, the Section at issue, is from "Definitions" in Article 3 of the Guam Vehicle Code. The statutory scheme specifically applies those definitions "as used in § 3301.1 of this Chapter." 16 GCA § 3301.2(d). Section 3301.1 deals specifically with "Eluding a Police Officer," and thus it is unclear what effect the control of Marine Corp Drive has on a Port Authority Officer's ability to conduct traffic stops. It would be a reasonable interpretation to suggest that because a driver would not be "eluding a police officer" by refusing to stop for Port Authority Police while on Marine Corp Drive, whereon the Port Authority lacks control, that the Port Authority Police necessarily lack jurisdiction to enforce the traffic laws on Marine Corp Drive. However, it is also a reasonable interpretation that Marine Corp Drive is a facility of the Port Authority, and therefore the Port Authority Police have jurisdiction there to enforce the traffic code, and therefore, the Port Authority Police would be acting within "their statutory law enforcement authority." Thus, "[i]f there is ambiguity, the will of the Guam Legislature is the all-important and

controlling factor in construing the words used." *Guam Bowling Center, Inc., v. Ingling*, 188 F. Supp. 104, 105 (D. Guam 1960).

## II. The Legislative Intent Towards The Port Authority Having Jurisdiction to Conduct Traffic Stops On Marine Corp Drive is Unclear.

The People argue that the Legislature intended to allow traffic stops on Marine Corp Drive by the Port Authority Police because the Port Authority Police were created thirty-one (31) years ago and therefore if the Legislature disagreed with their actions, "it would have made a change long ago." Opp'n to Mot. to Dismiss at 3 (May 28, 2021). The People cite a Virginia case for the proposition that when confronted by a public official's interpretation of the statute, "[w]hen it has long continued without change the legislature will be presumed to have acquiesced therein." *Hudson v. Arthur Treachers*, 343 S.E.2d 97, 99 (Va. Ct. App 1986). In Nevada, the court stated, "[w]here, as here, the legislature has had ample time to amend an administrative agency's reasonable interpretation of a statute, but fails to do so, such acquiescence indicates the interpretation is consistent with legislative intent." *Hughes Properties, Inc., v. State*, 680 P.2d 970, 972 (Nev. 1984). Thus, the People argue that after thirty one years of the Port Authority Police enforcing traffic laws on Marine Corp Drive, the Legislature "had ample time" to amend the law, and therefore, the Port Authority Police's interpretation is consistent with legislative intent.

The People are correct in their assertion that repeated legislative amendments to the Port Authority statutory scheme without clarifying or changing the reasonable interpretation of the Port Authority of their ability to enforce the traffic code on Marine Corp Drive allows an inference that the Port Authority's interpretation is consistent with legislative intent. See *Barrera-Echavarria v. Rison*, 44 F.3d 1441, 1444 (9th Cir. 1995). See also *North Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 535 (1982). According to the People, "[d]uring those 31 years [of legislative inaction], the Guam Legislature has made at least 60 amendments to the chapter concerning the Port Authority and PA Police, 12 GCA Chapter 10." Further, absent statutory language indicating legislative intent "the court, in construing, the act, may properly utilize legislative acquiescence in a longstanding administrative interpretation." *Hudson County Nat. Bank v. Provident Inst. for Sav. in Jersey City*, 193 A.2d 697, 703 (N.J. Super. Ct. Ch. Div. 1963).

However, Defendant counters by arguing that the legislature did enact laws which should have changed the Port Authority's interpretation including adding 16 GCA § 3301.2(d) requiring agency control of the area under which peace officers are considered police for the purposes of "Eluding a Police Officer" in 1998. See 16 GCA § 3301.2, Source. The Port Authority Police were created in 1990, and their statutory section was amended in 1995. See 12 GCA § 10111.1, Source. Further, the Port Authority Board is given a mandate to "control, manage, and have jurisdiction over" a small area between Cabras and Drydock Islands. 12 GCA § 10104(f). The matching "control" language is a sign of legislative intent to limit Port Authority Police to the small area under the Board's Control. Therefore, the Legislative intent as to whether the Port Authority has jurisdiction over Marine Corp Drive remains unclear after close examination.

### III. The Guam Legislature Allows Peace Officers to Act Outside of Their Jurisdiction.

Finally, the People argue, the Legislature granted Peace Officers the ability to act outside of their jurisdiction as long as they are acting within their statutory authority and yield to the Guam Police Department who subsequently responds. See 8 GCA § 5.56. The People acknowledge the "Guam statute leaves largely undefined the exact circumstances under which a peace officer can operate outside of his jurisdiction." Opp'n to Mot. to Dismiss at 6 (May 28, 2021). However, nonetheless argue "peace officers have extra-judicial authority [] during 'hot pursuit' of a person who offended within the jurisdiction . . ." and "when they witness an immediate threat of danger to persons or property." Id. The People further cite a letter signed by then-Governor Felix Camacho after 8 GCA § 5.56 was signed into law in 2003 which states:

This legislation is in line with our commitment to have an integrated law-enforcement system under a Department of Public Safety. The Department of Public Safety will consolidate the activities of the Guam Police Department, the Guam Fire Department, the Guam International Airport Police and Fire Department, the Port Authority Police, the Department of Corrections, and the Department of Youth Affairs. With the support of the Legislature, I hope to establish this integrated law-enforcement system to enable the different law-

enforcement agencies to provide a nexus of available law enforcement resources to support each other in carrying out their missions.

Opp'n to Mot. to Dismiss, Ex. A (May 28, 2021).

The plain language of the statute indicates "[a] peace officer while acting within his statutory law enforcement authority outside of his jurisdiction shall yield and be subordinated to a peace officer of the Guam Police Department who subsequently responds having such jurisdiction . . . ." 8 GCA § 5.56. Thus, it seems apparent to the Court that while this statute allows the Port Authority Police to effectuate a traffic stop, it must yield to the Guam Police Department when they arrive. This creates a bizarre situation in which the Port Authority has the ability to effectuate stops outside of their jurisdiction on Marine Corp Drive, but drivers do not need to stop for Port Authority Police, because they do not have control of the road pursuant to 16 GCA § 3301.2(d). These laws seemingly contradict with one giving the Port Authority Police the ability to act outside of its jurisdiction, including enforce the Guam Vehicle Code, while the other allows drivers to refuse to stop for Port Authority Police when they are outside of the jurisdiction and control of the Port Authority.

However, "statutes must be read together and harmonized, if possible. . . ." *Pacific Rock Corp. v. Dep't of Educ.*, 2000 Guam 19 ¶ 25. Here, the Guam Vehicle Code gives two options to Peace Officers, in order for them to be considered Police Officers, in the context of "Eluding a Police Officer." They either must be "acting within their statutory authority *or* is performing official duty within the boundaries of property under the jurisdiction and control of the government agency by whom he is employed." 16 GCA § 3301.2(d) (emphasis added). Meanwhile, the Legislature grants extra-jurisdictional authority to peace officers "while acting within his statutory law enforcement authority." 8 GCA § 5.55. Thus, these statutes can be harmonized by allowing the extra-jurisdictional enforcement of the Vehicle Code if the Peace Officer is acting within his statutory law enforcement authority which includes "authority to arrest and enforce the Port Rules and Regulations, applicable federal security programs, and the Vehicle Code of Guam." 12 GCA § 10111.1(b).

Therefore, the Guam Legislature upon passing 8 GCA § 5.55 in 2003, granted the Port Authority Police the ability to enforce the Vehicle Code of Guam outside of their jurisdiction. While the Court finds the statutes ambiguous, and the legislative intent to be unclear regarding whether the Port Authority Police have jurisdiction over Marine Corp Drive, the Court need not decide that issue, because the Guam Legislature granted the Port Authority Police extra-jurisdictional authority to enforce the Guam Vehicle Code, pursuant to a push to create an "integrated law enforcement system." Therefore, the Port Authority Police were well within their statutory authority to execute the traffic stop and issue the citation in the current matter.

## Conclusion

For the reasons set forth above, the Court hereby **DENIES** the Defendant's Motion to Dismiss.

**SO ORDERED** this _August 6, 2021_.

Honorable Judge Benjamin C. Sison, Jr.,
Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Cunliff + Cook

Date: 8/10/21 Time: 12:15 pm

Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
OAG

Date: 8-10-21 Time: 11:32am
2 Orsini

Deputy Clerk, Superior Court of Guam

1C00838323, People of Guam v. John E. Skinner.
Decision and Order (Re: Defendant's Motion to Dismiss).

Page 8 of 8